1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**CENTRAL DISTRICT OF CALIFORNIA**

10

**WESTERN DIVISION**

11

ELIZABETH R. LUGO,                    )          No. CV 08-4083 AGR

12

               Plaintiff,         )

13

                       )          MEMORANDUM OPINION AND ORDER

      v.                               )

14

MICHAEL J. ASTRUE,                    )
Commissioner of Social Security,      )

15

               Defendant.         )

16

_____)

17
18

      Plaintiff Elizabeth R. Lugo ("Lugo") filed a Complaint on June 27, 2008.  Pursuant

19

to 28 U.S.C. § 636(c), the parties filed Consents to proceed before Magistrate Judge

20

Rosenberg on July 22 and 31, 2008.  (Dkt. Nos. 8-9.)  The parties filed a Joint

21

Stipulation ("JS") on March 10, 2009, that addresses the disputed issues in the case.

22

The Commissioner filed the certified administrative record ("AR").  The Court has taken

23

the Joint Stipulation under submission without oral argument.

24

      Having reviewed the entire file, the decision of the Commissioner is affirmed.

25

///

26

///

27

///

28

**I.**

**PROCEDURAL BACKGROUND**

Lugo began receiving Supplemental Security Income benefits when she was seven years old based on diabetes mellitus.  A.R. 86.  When Lugo turned 18, the Commissioner determined that Lugo did not meet the adult criteria for disability.  *Id.*  Lugo filed a request for hearing.  A.R. 104.  An Administrative Law Judge ("ALJ") conducted a hearing on October 22, 2007.  A.R. 312-37.  On November 6, 2007, the ALJ issued a decision denying benefits.  AR 15-28.  Lugo requested review of the ALJ's decision.  A.R. 12.  On April 25, 2008, the Appeals Council denied the request for review.  A.R. 5-9.

**II.**

**STANDARD OF REVIEW**

Pursuant to 42 U.S.C. § 405(g), this Court has authority to review the Commissioner's decision to deny benefits.  The decision will be disturbed only if it is not supported by substantial evidence or it is based upon the application of improper legal standards.  *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

In this context, "substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion."  *Moncada*, 60 F.3d at 523.  When determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence.  *Drouin*, 966 F.2d at 1257.  Where the evidence is susceptible to more than one rational interpretation, the Court must defer to the decision of the Commissioner.  *Moncada*, 60 F.3d at 523.

///

///

2

### III.

### EVALUATION OF DISABILITY

#### A.    Disability

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003).

#### B.    ALJ's Findings

The ALJ found that Lugo has the following medical impairments that, in combination, are severe: "insulin dependent diabetes mellitus with peripheral neuropathy," "a history of recurrent anemia of uncertain cause," "hyperlipidemia," and "disc bulges at L3-4 through L5-S1."  A.R. 20.

Lugo has "the residual functional capacity to lift and carry 20 pounds occasionally and 10 pounds frequently, stand and/or walk for only two out of eight hours, and sit for six hours in an eight-hour workday.  She cannot climb ladders, ropes, or scaffolds, but she can occasionally climb ramps and stairs.  She can occasionally balance, stoop, kneel, crouch, and crawl.  The claimant cannot work at unprotected heights or around hazardous machinery.  She can occasionally push and pull with her lower extremities.  Overall, her attention, concentration, and pace are reduced by 10 percent."  A.R. 22. The ALJ found that Lugo has no past relevant work, but is "able to perform a significant number of jobs in the national economy," including sedentary, unskilled jobs such as credit card interviewer, final assembler of optical goods, and patcher of household appliances.  A.R. 27-28.

///

///

1

**C.      Lugo's Subjective Symptoms and Credibility**

2

3

"To determine whether a claimant's testimony regarding subjective pain or

4

symptoms is credible, an ALJ must engage in a two-step analysis." *Lingenfelter v.
*Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007).

5

First, "the ALJ must determine whether the claimant has presented objective

6

medical evidence of an underlying impairment 'which could reasonably be expected to

7

produce the pain or other symptoms alleged.'" *Id.* (citing *Bunnell v. Sullivan*, 947 F.2d

8

341, 344 (9th Cir. 1991) (en banc)).  Here, the ALJ found that Lugo's "medically

9

determinable impairments could reasonably be expected to produce the alleged

10

symptoms."  A.R. 24.

11

"Second, if the claimant meets this first test, and there is no evidence of

12

malingering, 'the ALJ can reject the claimant's testimony about the severity of her

13

symptoms only by offering specific, clear and convincing reasons for doing so.'"

14

*Lingenfelter*, 504 F.3d at 1036 (citations omitted).  "In making a credibility determination,

15

the ALJ 'must specifically identify what testimony is credible and what testimony

16

undermines the claimant's complaints.'" *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir.

17

2006) (citation omitted).

18

Here, the ALJ made no finding of malingering.  "[T]o discredit a claimant's

19

testimony when a medical impairment has been established, the ALJ must provide

20

specific, cogent reasons for the disbelief."  *Orn v. Astrue*, 495 F.3d 625, 635 (9th Cir.

21

2007) (citations and quotation marks omitted).  "The ALJ must cite the reasons why the

22

claimant's testimony is unpersuasive."  *Id.* (citation and quotation marks omitted).

23

In weighing credibility, the ALJ may consider factors including:  the nature,

24

location, onset, duration, frequency, radiation, and intensity of any pain; precipitating

25

and aggravating factors (e.g., movement, activity, environmental conditions); type,

26

dosage, effectiveness, and adverse side effects of any pain medication; treatment,

27

other than medication, for relief of pain; functional restrictions; the claimant's daily

28

activities; and "ordinary techniques of credibility evaluation."  *Bunnell*, 947 F.2d at 346

4

(citing Social Security Ruling ("SSR") 88-13,[1] internal quotation marks omitted).  The ALJ may consider (a) inconsistencies or discrepancies in claimant's statements; (b) inconsistencies between claimant's statements and activities; (c) exaggerated complaints; and (d) an unexplained failure to seek treatment.  *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002).

As an initial matter, Lugo argues that "[t]he ALJ failed to provide any reason as to why he did not find that Ms. Lugo's anemia was a severe impairment."  JS 6.  In addition, Lugo argues that "the ALJ failed to consider Ms. Lugo's subjective complaints in relation to her anemia."  *Id*.  Lugo alleged fatigue and grogginess.  *Id*.

Neither contention is accurate.  The ALJ listed "recurrent anemia of uncertain cause" as a severe impairment.  A.R. 20.  The ALJ expressly considered Lugo's subjective complaints about anemia.  The ALJ stated that Lugo was only partially credible and expressly found that "due to fatigue caused by pain or anemia of unspecified origin, the claimant's attention, concentration, and pace is reduced overall by 10 percent."  A.R. 27.  In other words, on a regular basis "she functions at about 90 percent of normal."  *Id*.

In finding Lugo partially credible (A.R. 24), the ALJ discussed four factors: (1) Lugo's inconsistent statements; (2) failure to comply with treatment; (3) failure to obtain treatment for eight months; and (4) inconsistency with medical opinions.  A.R. 23-26.

The ALJ identified four inconsistent statements.  The ALJ contrasted Lugo's testimony and statements in her pain questionnaire that she has pain in her arms, back, legs and feet that spreads to most of her body (A.R. 74) with her statements to an examining physician that she has numbness, pins and needles in her feet (A.R. 139) and to a treating physician that she has pain in her feet (A.R. 246).  A.R. 23.  The ALJ

---

[1]   Social Security rulings do not have the force of law.  Nevertheless, they "constitute Social Security Administration interpretations of the statute it administers and of its own regulations," and are given deference "unless they are plainly erroneous or inconsistent with the Act or regulations."  *Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989).

1  compared Lugo's statement to an examining physician that she can walk only a few

2  yards (A.R. 76) with her testimony that she can walk one block (A.R. 319).  A.R. 23.

3  The ALJ found that Lugo's testimony about her weight (A.R. 318, 321-22)  was

4  inconsistent with the weight in her medical records.  A.R. 21.  The ALJ also noted

5  Lugo's inconsistent statement to the DMV that she has no spinal injuries, disorders or

6  illnesses, and no nervous or psychiatric disorder.  A.R. 25, 270.

7       Lugo argues that her inconsistent statements are not clear and convincing

8  reasons to discount her credibility because "symptoms may vary their intensity,

9  persistence, and functional effects, or may worsen or improve with time."  JS 6-7, 11.

10  Lugo did not testify that the intensity of her symptoms varied over time.[2]  The ALJ

11  correctly noted that Lugo did not complain to her treating physician and examining

12  physician about the symptoms Lugo alleges here – pain in her arms, back and legs that

13  spread to most of her body.  The ALJ may properly rely on the inconsistency in Lugo's

14  statements.  *See Greger*, 464 F.3d at 972 (failure to report chest pain).  Moreover, even

15  assuming the inconsistencies in Lugo's statements may give rise to more than one

16  rational inference, the ALJ's decision would be affirmed.  *Burch v. Barnhart*, 400 F.3d

17  676, 681 (9th Cir. 2005).

18       The ALJ's second reason for discounting Lugo's credibility was her failure to

19  check her blood sugar as noted in the medical records in early 2005.  A.R. 24, 237, 239

20  ("Pt not checking sugars because her glucometer broke").  The ALJ reasonably found

21  that her symptoms at that point did not reflect Lugo's condition "as it would be with more

22  focused attention."  A.R. 24.

23       The ALJ's third reason was based on Lugo's failure to seek treatment during

24  eight months, November 2005 until July 2006.  A.R. 25.  Substantial evidence supports

25  the ALJ's finding.  There are no treatment records between Dr. Perez's record dated

26

27       [2]  Lugo testified that she has pain "mainly throughout the day" and worse at night.
   A.R. 318-319.  Her sugars "tend to run high most of the time."  A.R. 320.  Her weight
28  "stays about the same."  A.R. 321.

November 2005 (A.R. 185) and July 2006 (A.R. 266).[3]  Although Lugo disputes this finding, Lugo cites only to A.R. 271, a document signed by her treating physician in November 2005.

As to the ALJ's fourth reason, lack of objective medical evidence to support subjective pain allegations may be considered but is not sufficient alone to discount a claimant's credibility.  *See Burch*, 400 F.3d at 681.  As the ALJ noted, a CT scan showed "no evidence of significant disc bulge, disc extrusion, central spinal canal stenosis, or bilateral neural foraminal narrowing identified at any level of the lumbosacral spine."  A.R. 24-25, 114-15.  The examining physician noted that examination of the neck and back did not elicit pain or spasm, and range of motion was within normal limits.  A.R. 141.  There was "mildly diminished sensation to light touch in bilateral feet, but otherwise neurologically was unremarkable."  A.R. 24, 142.  In addition, the ALJ noted that treatment records from Dr. Carcamo do not contain complaints of diarrhea and frequent urination.  A.R. 25, 254, 264-66.  The ALJ also noted the non-examining physician opinions in the record.  A.R. 26.

"If the ALJ's credibility finding is supported by substantial evidence in the record, we may not engage in second-guessing."  *Thomas*, 278 F.3d at 959; *Morgan v. Commissioner of the Social Security Administration*, 169 F.3d 595, 600 (9th Cir. 1999).  The ALJ did not err.

///

///

///

///

///

///

///

---

[3]  The ALJ elsewhere refers to tests done in March 2006.  A.R. 24.  The date is a typographical error.  The test results are dated March 2005.  A.R. 240.

**IV.**

**CONCLUSION**

IT IS HEREBY ORDERED that the decision of the Commissioner is affirmed.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: July 14, 2009

_____
ALICIA G. ROSENBERG
UNITED STATES MAGISTRATE JUDGE